**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Nos. CV 12-0226 WJ/SMV
                                                        CR 08-2935 WJ

CELSO GUTIERREZ-SANCHEZ,

    Defendant.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court on Defendant's pro se post-conviction motion to dismiss indictment (CV Doc. 1; CR Doc. 88). Defendant pled guilty (CR Doc. 60) to one count of an indictment charging him with conspiracy to possess with intent to distribute methamphetamine, in violation of 18 U.S.C. §§ 846, 841(a)(1), (b)(i)(B). On July 31, 2009, the Court entered judgment against Defendant, sentencing him to a 46-month prison term (CR Doc. 69). Defendant did not appeal his conviction or sentence. He now asserts a claim of defective, insufficient indictment under the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). The motion will be denied.

        The Court may not grant the relief that Defendant seeks because he did not file his motion in a timely manner. "Upon review of the record, we agree with the district court that [Defendant]'s motion to dismiss the indictment is untimely. Under Fed. R. Crim. P. 12(b)(3) a motion to dismiss an indictment on the grounds that it fails to invoke the court's jurisdiction or state an offense may be filed 'any time while the case is pending.' Here, . . . [Defendant]'s case was no longer pending when he filed the motion to dismiss the indictment." *United States v. Lima-Pacheco*, 81 F. App'x 299, 300

(10th Cir. 2003); *and cf. United States v. Sinks*, 473 F.3d 1315, 1321 (10th Cir. 2007) (restating rule that claim of defective indictment may be first raised during direct appeal).  The motion was not filed timely.

Furthermore, and alternatively, "[A] motion to dismiss an indictment, pursuant to Fed. R. Crim. P. 12(b)(2), [(3)], must be filed before final judgment; after that time a pleading challenging the adequacy of an indictment is properly deemed a § 2255 motion." *United States v. Preciado-Quinonez*, 53 F. App'x 6, 7 (10th Cir. 2002).  Here, the Court declines to construe Defendant's motion as a motion under § 2255.  The issue that Defendant now raises was available before sentencing, and he has previously filed a § 2255 motion (CR Doc. 75; No. CV 10-0413 WJ/WDS Doc. 1).  Furthermore, the one-year limitation period applicable to his conviction has long expired. *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (holding that a district court does not abuse its discretion in declining to recast a pleading as a § 2255 motion when relief would be "facially 'barred as untimely . . . or as second or successive under 28 U.S.C. § 2255' "); *and see United States v. Holly*, 435 F. App'x 732, 735 (10th Cir. 2011); *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002).  The Court will deny Defendant's motion.

IT IS THEREFORE ORDERED that Defendant's pro se post-conviction motion to dismiss indictment (CV Doc. 1; CR Doc. 88) filed on March 5, 2012, is DENIED as untimely filed; and this civil proceeding is DISMISSED;

IT IS FURTHER ORDERED that the Clerk is directed to terminate two filings (CR Docs. 82, 84) that have been resolved but are still shown as pending on the criminal docket.

_____
UNITED STATES DISTRICT JUDGE